**Patricia TROTTA, Plaintiff,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant.**

**Civ. A. No. 90–11150–WF.**

United States District Court,
D. Massachusetts.

June 4, 1991.

## MEMORANDUM AND ORDER

WOLF, District Judge.

Plaintiff Patricia Trotta seeks judicial review of a final decision of the Secretary of Health and Human Services (the "Secretary") regarding interim assistance benefits she received from the Commonwealth of Massachusetts while her application for Supplemental Security Income ("SSI") was pending with the Social Security Administration ("SSA"). The Secretary found that the two forms executed by the plaintiff on January 4, 1989 and January 10, 1989 entitled "Authorization for Reimbursement of General Relief Benefits From SSI Retroactive Payments" ("Authorizations") were valid and that the SSA had acted properly in sending a portion of the plaintiff's first SSI check to the Commonwealth of Massachusetts.

Defendant has filed a motion to dismiss pursuant to Rule 12(b)(1) and 12(h)(3) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction, or, in the alternative, to affirm the decision of the Secretary. Plaintiff has moved for summary judgment seeking reversal of the Sec-retary's decision and an order for the defendant to pay the plaintiff $8,059.17, plus costs, and reasonable attorney's fees and expenses. For the reasons stated below, the court concludes that subject matter jurisdiction is lacking and, therefore, the defendant's motion must be ALLOWED.

## I. FACTS AND RELEVANT PROCEEDINGS

On December 22, 1987, the plaintiff filed an application for SSI benefits. *See* Transcript of the Administrative Record dated July 20, 1990, at 19–22 (hereinafter "Tr. ——"). The application was denied initially (Tr. 47–48), and then again upon reconsideration by the SSA (Tr. 68–70). On July 27, 1988, the plaintiff requested a hearing before the Office of Hearings and Appeals (Tr. 71). A hearing was held on February 2, 1989, and a decision issued on April 14, 1989 holding that the plaintiff was disabled within the meaning of the Social Security Act and was entitled to benefits on the basis of her December 1987 application (Tr. 183–91).

Prior to her application for SSI benefits and while her application was pending, the plaintiff was receiving General Relief benefits from the Commonwealth of Massachusetts, Department of Public Welfare (Tr. 20, 24, 179). General Relief is a cash assistance program administered by the state for the benefit of low income and unemployable individuals. Once an individual's SSI benefits begin to be paid, however, the General Relief benefits must terminate so as not to allow an recipient to "double dip" into both state and federal funds.

The plaintiff executed and filed two separate Authorizations with the SSA on January 4, 1989 and January 10, 1989 (Tr. 210–11), giving the SSA the authority to reimburse the Commonwealth for the interim assistance it provided to the plaintiff. On May 15, 1989, the plaintiff was notified that, pursuant to the Authorizations, $8,059.17 would be deducted from her first SSI benefits check and forwarded to the

Commonwealth of Massachusetts in payment of her General Relief benefits from December 1987 through May 1989 (Tr. 194–95).[1]

The plaintiff's challenge to the remittance (Tr. 196–97) was asserted on August 21, 1989 (Tr. 203–07). On November 20, 1989, an Administrative Law Judge ("ALJ") ruled that the Authorizations executed by the plaintiff in January 1989 were not valid with respect to the December 1987 application and, therefore, that the SSA had not been authorized to forward a portion of the plaintiff's first SSI check to the Commonwealth (Tr. 8–11). The ALJ ordered the $8,059.17 be paid to the plaintiff (Tr. 11).

By a letter dated January 12, 1990, the Appeals Council notified the plaintiff that, pursuant to 20 C.F.R. 416.1469 and 416.-1470, it had decided, on its own motion, to review its hearing decision of November 20, 1989 (Tr. 213). The plaintiff was given 20 days to respond to the motion, after having been served with notice on January 31, 1990 (Tr. 214–16). The plaintiff responded on February 15, 1990 (Tr. 217–24), and the Council decided on March 7, 1990 that the Authorizations executed by the plaintiff on January 4, 1989 and January 10, 1989 were valid and that the SSA had acted properly in sending a portion of the plaintiff's first SSI check to the Commonwealth (Tr. 3–7).

The plaintiff has exhausted her administrative remedies as the Appeals Council determination is the final decision of the Secretary on the plaintiff's case. The plaintiff initiated this action for judicial review and has moved for summary judgment, claiming that the Secretary erred in sending $8,059.17 to the Commonwealth.

## II. DISCUSSION

### A. APPLICABLE LAW REGARDING JUDICIAL REVIEW OF DECISIONS OF THE SECRETARY.

The Supplemental Security Income program, Title XVI of the Social Security Act, 42 U.S.C. § 1381 *et seq.*, enacted by Congress in 1972, is a federal income-support program for needy individuals who are aged, blind or disabled. This program replaced former state-administered cash assistance programs. For SSI eligibility, one need not have achieved covered-worker status within the Social Security program. SSI is financed out of general revenues and administered with a means test. Like Social Security Disability, there are no work requirements for SSI beneficiaries, and payments rise automatically with the cost of living. L. Liebman, *Disability Appeals in Social Security Programs,* (Federal Judicial Center 1985).

Section 1383 of Title XVI sets forth the procedures for payment of SSI benefits, as well as an administrative scheme for resolving disputes between claimants and the SSA. 42 U.S.C. § 1383. Specifically, 1383(c)(1) provides for the adjudication of claims for SSI benefits:

The Secretary is directed to make findings of fact, and decisions as to the rights of any individual applying for payment under this title [42 U.S.C. 1381 *et seq.*] ... The Secretary shall provide reasonable notice and opportunity for a hearing to any individual who is or claims to be an eligible individual or eligible spouse and is in disagreement with any determination under this title [42 U.S.C. 1381 *et seq.*] with respect to eligibility of such individual for benefits, or

---

1. Typically, an applicant's first SSI payment not only includes the first monthly benefits check but a lump sum amount as well, retroactive to the month of the recipient's application. The retroactive money effectively renders the recipient a "double dipper." States have traditionally sought reimbursement from SSI recipients of the interim benefits they have been paid while their SSI application was pending. Given that SSI benefits may not be transferred, assigned, or reached by the legal process, the Interim Assistance Reimbursement Program ("IAP") (42 U.S.C. § 1383 *et seq.*) was enacted to allow states to recoup funds paid to SSI recipients while their applications were pending. Under the IAP, the states may be reimbursed provided: (1) the state enters into a reimbursement agreement with the Secretary; and (2) the Secretary receives written a authorization from the SSI applicant. *See,* 20 C.F.R. 416.1901–1922.

the amount of such individual's benefits
...

42 U.S.C. § 1383(c)(1).

Judicial review of the final decision of the Secretary is provided for in section 1383(c)(3), which states: "The final determination of the Secretary after a hearing under paragraph (1) shall be subject to judicial review as provided in section 205(g) [42 U.S.C. 405(g)] to the same extent as the Secretary's final determinations under section 205 [42 U.S.C. 405]." 42 U.S.C. § 1383(c)(3).

Federal judicial review of decisions made by the Social Security Administration is governed by Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g). Section 205(g) provides, in relevant part:

> Any individual, *after any final decision of the Secretary made after a hearing to which he was a party*, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow.

42 U.S.C. § 405(g) (emphasis added).

On its face, Section 205(g) allows judicial review of Administration action where (1) a "final decision" of the Secretary of Health and Human Services has been rendered after a hearing; (2) the claimant has commenced a civil action within 60 days after the mailing of notice of such decision; and (3) the civil action has been filed in an appropriate judicial district. *Weinberger v. Salfi*, 422 U.S. 749, 763–64, 95 S.Ct. 2457, 2465–66, 45 L.Ed.2d 522 (1975).

Moreover, subsection (h) of section 205 makes clear that 205(g) provides the exclusive mechanism for bringing Social Security claims in federal court. Section 205(h) provides, in relevant part:

> No findings of fact or decision of the Secretary shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Secretary, or any officer or employee thereof shall be brought under section 1331 [federal question] or 1346 [United States as defendant] of Title 28, United States Code ... to recover on any claim arising under this title.

42 U.S.C. § 405(h).

## B. DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION.

In the present action, the defendant correctly maintains that section 1383(c)(1) encompasses both challenges regarding eligibility for SSI relief and the amount of relief to which an individual is entitled. However, the defendant misses the mark when it contends that the plaintiff seeks only to challenge the Secretary's decision to send her first SSI check to the Commonwealth to reimburse the state for the interim assistance it provided, and did not challenge the amount of relief to which she was entitled, thereby putting her outside of the purview of section 1383(c)(1). While it is true that the plaintiff is challenging the Secretary's decision to send her check to the Commonwealth, that decision very much affected the *amount* of relief to which she was entitled.

However, the defendant's next contention in connection with its motion to dismiss effectively brings the court's inquiry into this matter to an end. 42 U.S.C. § 1383(g) governs reimbursement to the states for interim assistance payments. Specifically, the defendant points to paragraph (5) of that subsection, which provides, in full:

> The provisions of subsection (c) shall not be applicable to any disagreement concerning payment by the Secretary to a State pursuant to the preceding provisions of this subsection nor the amount retained by the State (or political subdivision).

42 U.S.C. § 1383(g)(5).

Section 1383(g)(5) plainly manifests Congress's express intention that decisions of the Secretary regarding reimbursements of interim assistance not be subject to judicial review under 1631(c) of the Social Security Act (or under Section 205 of the Act, which section 1631(c) incorporates by reference).

Given the express and unambiguous language of section 1383(g)(5), and the exclu-

sive scheme for adjudication of Social Security claims, it is evident that issues regarding the interim assistance reimbursement program are not subject to judicial review. To allow the plaintiff to proceed in this court would be to thwart the efforts of Congress to encourage states to offer interim assistance to SSI applicants while their applications are pending.[2] As the defendant correctly points out, to the extent that the plaintiff may have a legitimate grievance, it is with the Commonwealth of Massachusetts and his proper recourse would be to seek recovery from the state.

## III. CONCLUSION

For the foregoing reasons, the plaintiff's action seeking judicial review of the Secretary's decision must be dismissed for lack of subject matter jurisdiction. It is, therefore, not necessary or appropriate for the court to review the decision of the Secretary to send a portion of the plaintiff's first SSI check to the Commonwealth of Massachusetts.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's Motion for Summary Judgment is DENIED; and

2. Defendant's Motion to Dismiss for lack of subject matter jurisdiction is ALLOWED.

---

**2.** The legislative history concerning 42 U.S.C. § 1383(g) clearly establishes that Congress enacted the Interim Assistance Reimbursement Program with two objectives in mind: (1) to provide needy SSI applicants with a means of support while their SSI applications are pending; and (2) to encourage states to provide such support by creating a means to recoup interim assistance payments directly from the SSA. *See,* H.R. No. 94–1296, *reprinted in* 1976 U.S. Code Cong. & Admin.News 1726, 1727; *see also, Views of the Congressional Budget Office,* Pub.L. No. 94–365, *reprinted in* 1976 U.S.Code Cong. & Admin.News 1729–1730.